UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WAYNE SYMMONDS,

               Plaintiff,

    v.

WASHINGTON STATE
DEPARTMENT OF CORRECTIONS,
JAMES GOODWIN,

             Defendants.

CASE NO. 3:15-CV-05535-BHS-DWC

ORDER TO SHOW CAUSE OR
AMEND

      Plaintiff Wayne Symmonds, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Complaint but provides Plaintiff leave to file an amended pleading by September 18, 2015, to cure the deficiencies identified herein.

**BACKGROUND**

      Plaintiff, who is currently incarcerated at Monroe Correctional Complex ("MCC"), alleges Defendant James Goodwin, a sergeant at MCC, confiscated Plaintiff's pre-franked envelopes when Plaintiff was transferred to MCC. Dkt. 9. Plaintiff requests Defendant Goodwin

ORDER TO SHOW CAUSE OR AMEND - 1

1  be required to replace Plaintiff's envelopes because the envelopes are very expensive for

2  Plaintiff, who does not have any income. *Id.*

3  **DISCUSSION**

4  Under the Prison Litigation Reform Act of 1995, the Court is required to screen

5  complaints brought by prisoners seeking relief against a governmental entity or officer or

6  employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

7  complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

8  state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

9  who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

10  152 F.3d 1193 (9th Cir. 1998).

11  In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

12  suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

13  the violation was proximately caused by a person acting under color of state law. *See Crumpton*

14  *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

15  identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

16  (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

17  named defendants caused, or personally participated in causing, the harm alleged in the

18  complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

19  Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an

20  amended complaint.

21  **A.      Due Process Violation**

22  Plaintiff alleges his pre-franked envelopes were confiscated resulting in a deprivation of

23  his property. Dkt. 9. Plaintiff's allegations essentially present a Fourteenth Amendment claim.

24

ORDER TO SHOW CAUSE OR AMEND - 2

The due process guarantees of the Fourteenth Amendment "apply only when a constitutionally protected liberty or property interest is at stake." *Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993). Thus, an inmate must have a constitutionally protected interest to trigger due process protections. *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 463 (1981). Prior to determining whether an inmate was deprived of his property without due process of law, the Court must determine if there is a property interest that has been interfered with by the State. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). "An inmate does not have a property interest in possessing contraband." *Arteaga v. Alameida*, 2008 WL 364785, *10 (E.D. Cal. Feb. 8, 2008) (*citing Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006)).

Plaintiff states he did not sign the envelopes in his possession, which was against MCC protocol. Dkt. 9, p. 4-5. Plaintiff attached documentation also showing under Department of Corrections Policy 450.100 "[e]nvelopes found in an offender's possession that are unmarked, or marked as belonging to another offender, will be confiscated as contraband." Dkt. 9, p. 7. In response to a Grievance submitted by Plaintiff, the Department of Corrections stated: "The Statewide Offender Orientation handbook states you have the responsibility to know and follow all rules of the facility." Dkt. 9, p. 8. Plaintiff claims he was not told about the rules, but Plaintiff admits he was in possession of unmarked envelopes which are contraband under the rules of the facility, and therefore he does not have a property interest in possessing the unsigned/unmarked envelopes. Accordingly, assuming the rules apply to Plaintiff, the Complaint does not state a violation of Plaintiff's due process rights. Plaintiff must show cause why the Complaint should not be dismissed for failure to state a claim.

1    **B.      Access to Courts**

2          In documents attached to his Complaint, Plaintiff complains of being unable to send legal

3    mail without the envelopes confiscated by Defendant Goodwin. *See* Dkt. 9, p. 7. Inmates have a

4    "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828

5    (1977). In *Bounds,* the Supreme Court held the right of access imposes an affirmative duty on

6    prison officials to assist inmates in preparing and filing legal papers, either by establishing an

7    adequate law library or by providing adequate assistance from persons trained in the law. *Id.* at

8    828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held a prisoner must show some

9    actual injury resulting from a denial of access in order to allege a constitutional violation.  *Id*. at

10   349.

11         To establish he suffered an actual injury, Plaintiff must show "actual prejudice with

12   respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to

13   present a claim." *Lewis*, 518 U.S. at 348; *Christopher v. Harbury*, 536 U.S. 403, 415, (2002);

14   *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011); *Phillips v. Hurst*, 588

15   F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is limited to non-frivolous direct

16   criminal appeals, habeas corpus proceedings, and Section 1983 cases. *See Lewis*, 518 U.S. at 353

17   n. 3, 354-55. "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an

18   access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (*quoting*

19   *Lewis*, 518 U.S. at 353 & n. 4).

20         Plaintiff has not alleged any actual injury in his Complaint. There are no allegations

21   Plaintiff was denied access to the courts in a non-frivolous direct criminal appeal, habeas corpus

22   proceeding, or § 1983 case, nor are there allegations showing Plaintiff had a legal claim

23

24

1  frustrated by the actions of Defendant Goodwin. Plaintiff must allege in more specific terms how

2  the lack of envelopes violated his right of access to the courts.

3  **C.      Improper Defendants**

4        Plaintiff names the Washington State Department of Corrections ("DOC") as a

5  Defendant. Dkt. 9, p. 1. Section 1983 applies to the actions of "persons" acting under the color

6  of state law. The DOC, as an arm of the state of Washington, is not a "person" for purposes of a

7  § 1983 civil rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71

8  (1989). Additionally, there is no evidence the state of Washington has waived its Eleventh

9  Amendment immunity in federal courts. Therefore, the DOC is a state agency which cannot be

10  sued under § 1983.

11  **D.      Instruction to Plaintiff and the Clerk**

12        If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an

13  amended complaint and within the amended complaint, he must write a short, plain statement

14  telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the

15  person who violated the right; (3) exactly what the individual did or failed to do; (4) how the

16  action or inaction of the individual is connected to the violation of Plaintiff's constitutional

17  rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See*

18  *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

19        Plaintiff shall present the amended complaint on the form provided by the Court. The

20  amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

21  and not a copy, it should contain the same case number, and it may not incorporate any part of

22  the original complaint by reference. The amended complaint will act as a complete substitute for

23  the original Complaint, and not as a supplement. The Court will screen the amended complaint to

24

determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before September 18, 2015, the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 19th day of August, 2015.

David W. Christel
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND - 6