UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WAYNE SYMMONDS,

            Plaintiff,

   v.

WASHINGTON DEPARTMENT OF CORRECTIONS et al.,

            Defendants.

CASE NO. 3:15-CV-05535-BHS-DWC

ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL

    The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff's second Motion for Appointment of Counsel ("Motion"). Dkt. 26. On January 11, 2016, the Court denied Plaintiff's first motion (Dkt. 19) for appointment of counsel (Dkt. 21).

    There is no constitutional right to appointment of counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency,* 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). However, in "exceptional circumstances," a district court may

1 appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

2 U.S.C.§ 1915(d)). *Rand v. Roland,* 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

3 *grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional

4 circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

5 the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal

6 issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting*

7 *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he

8 has an insufficient grasp of his case or the legal issue involved and an inadequate ability to

9 articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d

10 1101, 1103 (9th Cir. 2004).

11     Here, Plaintiff has failed to establish that exceptional circumstances warrant the

12 appointment of counsel at this time. Although unclear, Plaintiff appears to be seeking counsel for

13 discovery matters and because "all rules broken by Defendant Goodwin" on the case. Dkt. 26 at

14 1-2.

15     The Court denied Plaintiff's first motion for appointment of counsel previously, noting

16 Plaintiff's case does not involve complex facts or law, and Plaintiff has not shown an inability to

17 articulate the factual basis of his claims in a fashion understandable to the Court. Plaintiff has not

18 shown he is likely to succeed on the merits of his case. Accordingly, Plaintiff's Motion for

19 Appointment of Counsel (Dkt. 26) is denied without prejudice.

20     Dated this 20th day of June, 2016.

21

22                                                                      */s/ David W. Christel*

23                                           David W. Christel
                                          United States Magistrate Judge

24